UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK                    ECF CASE
_____x
ANTHONY GRONOWICZ,

                           Plaintiff,    **COMPLAINT**

   -against-

                                   PLAINTIFF DEMANDS
                                   TRIAL BY JURY IN THIS ACTION

BRONX COMMUNITY COLLEGE,
                                   06 CV 13076 (JSR) (KNF)

                         Defendant.

_____x

       Plaintiff, ANTHONY GRONOWICZ, by his attorney, LAW OFFICES OF LLOYD SOMER, complaining of the defendant BRONX COMMUNITY COLLEGE, alleges the following:

## I. INTRODUCTION

      1.     That this is an action seeking redress for a violation of rights guaranteed to the plaintiff, ANTHONY GRONOWICZ, by the Age Discrimination in Employment Act of 1967 ("ADEA"), as amended, 29 U.S.C. Section 601, et. seq., and by the New York State Executive Law, Section 290 et. seq., and to remedy the intentional infliction of emotional distress by the defendant in violation of New York State law.

      2.     That Plaintiff, ANTHONY GRONOWICZ, a sixty-one (61) year old individual seeks equitable and monetary relief pursuant to the Age Discrimination in Employment Act, and the New York State Executive Law, including appointment to the position for which he applied, backpay, future pay and all other appropriate relief to which he is entitled under the law.

## II. JURISDICTION

3.       That jurisdiction of this court is invoked under the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. Section 601, et. seq. That jurisdiction of the court over the plaintiff's claims of intentional infliction of emotional distress and under the New York State Executive Law, Section 290 et. seq. is invoked pursuant to the pendent jurisdiction of the Court. That the events, parties and transactions that form the basis of the federal claim are substantially the same as those which form the basis of plaintiff's claims under New York State law. That as the unlawful employment practices complained of herein occurred within the Southern District of New York and as plaintiff was employed by defendant in the Southern District of New York, venue is proper within this district.

4.       That plaintiff, ANTHONY GRONOWICZ, filed a charge of discrimination with the Equal Employment Opportunity Commission on March 27, 2006. That plaintiff ANTHONY GRONOWICZ received a notice of right to sue letter dated August 15, 2006.

5.       That plaintiff has timely filed this action in this court.

### III. PARTIES

6.       That at all times hereinafter mentioned, plaintiff, ANTHONY GRONOWICZ, resided, and continues to reside in Brooklyn. New York.

7.       That plaintiff ANTHONY GRONOWICZ was born on May 17, 1945 and is presently sixty-one (61) years of age, and at the time of the alleged wrongful conduct by the defendant, plaintiff was sixty (60) years of age.

8.       That at all times hereinafter mentioned, defendant BRONX COMMUNITY COLLEGE, hereinafter referred to as "BCC", was, and is, a City University of New York community

college established through a local government sponsor, the City of New York, pursuant to New York Education Law, Section 6302, and is located in the State of New York, County of The Bronx.

9.    That at all times hereinafter mentioned, defendant Bronx Community College, was, and is, an employer engaged in the educational field, and employs twenty (20) or more employees for each working day and for each of twenty (20) or more weeks of the calendar year, and maintains its educational campus in the State of New York, City of New York, County of The Bronx.

## AS AND FOR A FIRST CAUSE OF ACTION

10.    That plaintiff began his employment with the defendant Bronx Community College in Spring, 1999 as an adjunct Associate Professor in the History Department. That plaintiff had been continuously employed as an adjunct Associate Professor at the defendant Bronx Community College until Summer, 2004.

11.    That for the period of calendar years 2002 through 2005, plaintiff applied for several full-time, tenure-track positions in the History Department at Bronx Community College. That on April 1, 2002, plaintiff applied for a Fall, 2002 position to teach "The History of the Modern World, African-American, and Human Geography" at the defendant Bronx Community College. That the plaintiff was one of two finalists and presented what tenured History Department members stated was a superb classroom presentation. That the teaching position however was given to a person substantially younger than the plaintiff, an individual under the age of forty (40).

12.    That on March 13, 2003, another tenure-track full-time position was advertised by the defendant in "The History of the Modern World, Human Geography and American History", for which the plaintiff applied. That the plaintiff did not receive this position, which was also presented to an

individual substantially younger than the plaintiff, an individual under the age of forty (40).

  13. That on November 7, 2003, plaintiff submitted an application for a full-time tenure track position in "The History of the Modern World, African-American, Human Geography, and American History."

  14. That as of January 10, 2004, those same two (2) positions were advertised "for Spring/Fall 2004." That even though there was a deadline of March 10, 2004, the closing date for the applications for the positions was changed to read "open until filled".

  15. That on December 29, 2004, the plaintiff applied for two (2) tenure-track positions in "World History and Human Geography." That the plaintiff was denied the position by a letter dated February 17, 2005.

  16. That on March 4, 2005, the plaintiff again applied for the full-time, tenure-track teaching position for the course of "World History and Human Geography". That the plaintiff was turned down by a letter dated May 2, 2005, but post-marked May 16, 2005, which was identical to the letter sent earlier in February, 2005 in which the plaintiff was excluded from "a smaller group to interview."

  17. That with regard to the last selection, the plaintiff learned that the successful candidate was approximately forty (40) years old, the first time that someone approximately forty (40) or older had been selected for a full time position for which the plaintiff had applied.

  18. That on September 28, 2005, the plaintiff applied for a full-time, tenure-track position in "American History, African-American History and History of the Modern World." That by a letter dated October 4, 2005, the plaintiff received notification from the chairperson of the History Department that he had received the plaintiff's application and that the Search Committee "will begin

reviewing applications shortly". That the plaintiff failed to receive any further information from the History Department, and as a result of same, filed the March 27, 2006 Charge of Discrimination with the Equal Employment Opportunity Commission alleging a violation of the Age Discrimination in Employment Act (ADEA). That the instant charge also resulted in a dual filing with the New York State Division of Human Rights Federal Contract Unit.

19. That a copy of said Charge and of the April 25, 2006 cover letter from the United States Equal Employment Opportunity Commission, New York District Office is annexed hereto as Exhibit "A".

20. That by a letter dated August 15, 2006, a copy of which is annexed hereto as Exhibit "B", the United States Equal Employment Opportunity Commission stated, inter alia, "the statute of limitations under the laws we enforce is 300 days. Accordingly, we can only consider those applications that you made with 300 days of the date of your charge, March 27, 2006. Therefore, only your September 28, 2005 application can be examined. At the time of filing, you had received no determination on your application."

21. That the plaintiff has still not received an appointment to the full-time, tenure-track positions sought in the History Department of the defendant Bronx Community College. That all previous hires for the positions that the plaintiff had sought, except for one, were less than forty (40) years of age. That the only exception, concerning the March 4, 2005 application, resulted in a candidate approximately forty (40) years old being selected.

22. That a Dismissal and Notice of Rights dated August 15, 2006 was sent to the plaintiff from the EEOC. That a copy of same is annexed hereto as Exhibit "C."

23. That the plaintiff has been denied the opportunity to be appointed to a full-time tenure-track position at the defendant Bronx Community College solely due to his age.

24. That at all times during his employment with the defendant the plaintiff had performed his duties and functions in a most satisfactory and complete manner and had been appointed on a regular basis to adjunct Associate Professor positions.

25. That the plaintiff has been held in high regard by his students and by his peers, as evidenced by having received excellent student evaluations and by being one of only two adjuncts of the 345 adjuncts in May, 2003 at defendant Bronx Community College to be nominated for a distinguished teaching award by Phi Theta Kappa. That this honor was presented as a result of his teaching of the World Civilization course, the main course within the History Department. That the evaluations by his fellow professors which are quoted in the Charge of Discrimination filed with the EEOC demonstrate the excellent teaching performances by the plaintiff.

26. That notwithstanding the excellent evaluations from both faculty members and students, and in contrast to the fact that the plaintiff had been re-hired yearly as an adjunct Associate Professor by the defendant from calendar year 1999 until the Summer of 2004, the plaintiff has been denied each year the opportunity to be appointed to a full-time, tenure-track position within the History Department. That the plaintiff has been wrongfully denied the opportunity to be appointed to the full-time, tenure-track position by the defendant solely on account of his age.

27. That the plaintiff was totally qualified for the subject positions, and had more than satisfactorily performed his duties as evidenced by the evaluations, but was denied the promotions due to age discrimination.

28. That upon information and belief, the defendant promoted individuals with significantly lower teaching performance levels than that of the plaintiff, which individuals were younger than the plaintiff, and less accomplished within the teaching field.

29. That the plaintiff applied for the full time positions but same were denied to him, with each of the positions being filled by an individual younger than the plaintiff.

30. That the denial of the full time appointment to the plaintiff confirms the June, 1996 position adopted by the American Historical Association in its Statement on Standards of Professional Conduct denominated "Advisory Opinion Regarding Age Discrimination" in which the AHA found "troubling evidence of age discrimination within the history profession."

31. That although plaintiff was qualified for the full-time, tenure-track positions that he sought, the defendant illegally failed to promote him to said position and instead selected younger persons to perform said duties, all in willful and knowing violation of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. Section 601, et.. seq.

32. That as a direct and proximate result of defendant's actions in wrongfully failing to appoint plaintiff to the subject position, plaintiff has suffered, and continues to suffer, damages in excess of Five Million Dollars ($5,000,000.00), including, but not limited to: (a) past and future compensation; (b) loss of sick leave, health insurance, and disability benefits; (c) loss of pension benefits; (d) mental anguish and emotional distress; and (e) attorney's fees and costs.

**AS AND FOR A SECOND CAUSE OF ACTION**

33. That plaintiff repeats, reiterates, and realleges each and every allegation set forth above in paragraphs numbered "1" through "32" of the complaint as if set forth herein in their entirety.

34. That defendant BRONX COMMUNITY COLLEGE's failure to appoint plaintiff to the full-time, tenure-track position is discriminatory as it was based solely upon plaintiff's age.

35. That defendant's actions constituted a violation of the New York State Executive Law, Section 296 et. seq. (New York State Human Rights Law).

36. That plaintiff does not presently have an action pending before any administrative agency regarding the failure to be appointed to the subject position by defendant BRONX COMMUNITY COLLEGE.

37. That as a direct and proximate result of defendant's actions in wrongfully failing to appoint plaintiff to the subject position, plaintiff has suffered, and continues to suffer, damages in excess of Five Million Dollars ($5,000,000.00), including, but not limited to: (a) past and future compensation; (b) loss of sick leave, health insurance, and disability benefits; (c) loss of pension benefits; (d) mental anguish and emotional distress; and (e) attorney's fees and costs.

**PRAYER FOR RELIEF**

**WHEREFORE,** it is respectfully requested that the court: (a) Declare the conduct of the defendant to be violative of the rights guaranteed to the plaintiff under appropriate federal and state law; (b) Award the plaintiff Five Million Dollars ($5,000,000.00) on the first and second causes of action; (c) Direct the defendant to appoint the plaintiff ANTHONY GRONOWICZ to a full-time, tenure-track position of his choosing, with backpay and all other benefits, increments, etc., to which he is entitled; (d) Direct the defendant to take such affirmative action as is necessary to ensure that the effects of these unlawful employment practices are eliminated and do not continue to affect plaintiff's employment opportunities; (e) Declare the defendant's acts to constitute the intentional infliction of emotional distress;

(f) Direct the defendant to compensate the plaintiff for the emotional distress inflicted by defendant; (g) Direct defendant to pay plaintiff an additional amount as punitive damages for the intentional infliction of emotional distress; (h) Award the plaintiff such other and further relief as the court deems just, reasonable, appropriate, and necessary to correct the illegality and wrong done to the plaintiff; and (i) Award the plaintiff costs and reasonable attorney's fees for these actions.

Dated: New York, New York
        November 8, 2006

Yours, etc.,

LAW OFFICES OF LLOYD SOMER

by_____
LLOYD SOMER (LS-5103)
Attorney for Plaintiff
Office & P.O. Address
330 Seventh Avenue
15th Floor
New York, New York 10001
(212) 629-7001