UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
ANTHONY GRONOWICZ,

                Plaintiff,                              **PLAINTIFF'S RULE 56.1(B)**
                                                                                       **STATEMENT**
                                                                                        06 CV 13076 (JSR)

        -against-

BRONX COMMUNITY COLLEGE,

                Defendant.

------------------------------------------------------------------------X

      Pursuant to Rule 56.1(b) of the Local Civil Rules of the United States District Court for the Southern District of New York, plaintiff ANTHONY GRONOWICZ, by his attorney, the LAW OFFICES OF LLOYD SOMER, responds to the defendant's statement of undisputed facts pursuant to Local Rule 56.1, as follows:

      1.     Agrees.

      2.     Agrees with all of the statements contained within this paragraph except denies that the plaintiff brought an action pursuant to the New York City Human Rights Law.

      3.     Agrees.

      4.     Agrees that the plaintiff received satisfactory evaluations as well as excellent evaluations from full-time faculty and students. See Exhibit "U" to the declaration of defendant's counsel, as well as plaintiff's Exhibits "7" and "8." Disagrees with the statement that "his reappointment as an adjunct lecturer and these evaluations did not ascertain whether or not plaintiff would be a good candidate

for a full-time tenure-track position." This statement is purely argument on the part of the defendant and has no evidentiary basis.

    5.    Agrees that the language contain within this paragraph is stated within Exhibit "X", but further notes that additional language has been omitted, specifically that to become an Assistant Professor, a candidate must show "evidence of significant success as a teacher." Agrees with the language set forth concerning the statement of the Board of Higher Education which is Exhibit "Y", not Exhibit "Z", and further points the Court to paragraph "4" located on page "3" of Exhibit "Y" which states "The Board reaffirms its commitment to the consideration of student evaluations in faculty personnel decisions involving reappointment, promotion and tenure, according to the provisions in the governance plan in effect at each college."

    6.    Agrees.

    7.    Agrees.

    8.    Agrees.

    9.    Agrees.

    10.    Agrees.

    11.    Plaintiff has no personal knowledge as to whether this complete process occurred in calendar year 2002.

    12.    Agrees.

    13.    Plaintiff agrees but does not have any information concerning the total number of individuals who applied for the position.

    14.    Agrees.

15. Agrees that Jamie Wilson had some experience teaching African-American History but far less experience than the plaintiff. See plaintiff's resume plaintiff's Exhibit "1."

16. Agrees.

17. Disagrees as this is a genuine issue to be tried. See affidavit of plaintiff paragraphs "7", "8", and "32 " as plaintiff covered the material that he was expected to cover. See plaintiff's deposition, transcript page "39", lines "9-25", and page "40," lines "1-12."

18. Disagrees as plaintiff presented an excellent lesson. See affidavit of plaintiff paragraphs "7", "8", and "32 ." See plaintiff's deposition, transcript page "39", lines "9-25", and page "40," lines "1-12."

19. Disagrees as plaintiff presented an excellent lesson. See affidavit of plaintiff paragraphs "7", "8", and "32 ." See plaintiff's deposition, transcript page "39", lines "9-25", and page "40," lines "1-12."

20. Plaintiff has no knowledge concerning the accuracy of these statements inasmuch as he was not present at the time of the review of Jamie Wilson's class observation. However, a genuine issue of material fact exists as plaintiff had presented an excellent lesson as confirmed to him by several faculty members. See affidavit of plaintiff paragraphs "7", "8", and "32 ." See plaintiff's deposition, transcript page "39", lines "9-25", and page "40," lines "1-12."

21. Plaintiff has no knowledge concerning the accuracy of these statements inasmuch as he was not present at the time of the review of Jamie Wilson's class observation. See affidavit of plaintiff paragraphs "7", "8", and "32 ." See plaintiff's deposition, transcript page "39", lines "9-25", and page "40," lines "1-12."

22. Disagrees as the plaintiff performed well during the question and answer session. See plaintiff's deposition transcript, page "40" lines "13-25."

23. Plaintiff was not present at the Jamie Wilson interview and therefore has no personal knowledge of the event. Furthermore, the statement in this paragraph is merely an opinion of one person. The plaintiff also had an interview and was told that the interview "went fine." See plaintiff's deposition transcript, page "40" lines "13-25." Plaintiff therefore contends that there is a genuine issue concerning the interview process, and the results thereof in the context of the discrimination claim.

24. See response to number "23" above.

25. See response to number "23" above.

26. Plaintiff disagrees with this statement inasmuch as the plaintiff was the victim of age discrimination concerning the selection of Jamie Wilson. A genuine issue exists concerning whether the selection of Mr. Wilson was due to the age of the plaintiff, the other finalist, and not as a result of Mr. Wilson's qualifications. Plaintiff admitted that Mr. Wilson was qualified for the position but also stated in his transcript on Page "47" lines "5-6": "I believe they were qualified but I believe I was far more qualified for the position."

27. Plaintiff disagrees that it was an "unsuccessful interview and class observation", but agrees with the balance of the statement. See affidavit of plaintiff paragraphs "7", "8", and "32." See plaintiff's deposition, transcript page "39", lines "9-25", and page "40", lines "1-12."

28. Plaintiff has no knowledge concerning whether his "application materials were reviewed each time they was submitted."

29. Plaintiff disagrees and states that the reason that he was not appointed was due to

age discrimination. This is a genuine issue of material fact. See affidavit of plaintiff paragraphs "7", "8", and "32." See plaintiff's deposition, transcript page "39", lines "9-25", and page "40", lines "1-12."

30.     Plaintiff disagrees as there are no examples given nor is there any evidentiary proof presented that the plaintiff "would not be a collegial member of the Department." In contrast, the plaintiff was held in high regard by his peers and by the students, and was active in the Professional Staff Congress Union on behalf of all of the faculty members. See plaintiff's affidavit, paragraphs "12", "25", "27",

31.     Plaintiff disagrees with the statements contained within this paragraph except for the part that "he could teach the courses." The balance of these statements are pure opinion and without any evidentiary basis.

32.     Plaintiff disagrees and submits that there is a genuine issue to be tried inasmuch as the plaintiff was not appointed due to age discrimination. The plaintiff had performed well on the interview and class observation, and had far more teaching experience and publishing credentials than the selected candidates. See affidavit of plaintiff paragraphs "7", "8", and "32." See plaintiff's deposition, transcript page "39", lines "9-25", and page "40", lines "1-12." See plaintiff's resume, plaintiff's exhibit "1."

33.     Plaintiff disagrees with these statements as the plaintiff had previously obtained waivers from the college to teach at additional CUNY campuses. See plaintiff's deposition transcript page "45", lines "2-25", page "46", lines "1-7."

34.     Plaintiff disagrees with the statements contained within this paragraph and states that the reason he was not appointed was due to age discrimination. See affidavit of plaintiff paragraphs "7", "8", and "32." See plaintiff's deposition, transcript page "39", lines "9-25", and page "40", lines "1-

12." See plaintiff's resume, plaintiff's exhibit "1."

35. The plaintiff was not selected for the other positions due to age discrimination. The plaintiff was neither interviewed nor granted the right to conduct an additional class before the faculty for the 2003-2005 positions, as had occurred for the 2002 selection process. The individuals selected were all substantially younger than the plaintiff, with far less teaching, and publishing experience. See plaintiff's Exhibits "1", "2", "3", "4", and "9." See plaintiff's affidavit, paragraphs "29", "30", and "35."

36. Admits. However, this affirms and proves the American Historical Association findings concerning discrimination against individuals who received their Ph.D. degrees in the 1970's and 1980's. See plaintiff's affidavit, paragraph "24", and Exhibit "6."

37. Admits.

38. Admits.

39. Admits.

40. Admits.

41. Admits.

42. Plaintiff was not appointed to a full-time tenure-track position in the History Department of Bronx Community College because of his age in that "Given my experience, given my evaluations, given I was nominated for a teaching award, that I was comfortable in that department and that I don't see how anyone could be more qualified than I under all the circumstances of the prior six years that I was there." Plaintiff's transcript, page "50" lines "23-25", page "51" lines "1-2."

The defendant failed to state the following material facts as to which the plaintiff contends there is no genuine issue to be tried:

43. All of the candidates selected were substantially younger than the plaintiff who was fifty-seven (57) years of age at the time of the 2002 application. See plaintiff's Exhibit "2". See plaintiff's affidavit, paragraph "2."

44. The plaintiff had a substantially more extensive resume concerning teaching experience, books published, chapters in books, articles, awards and honors, book reviews and review essays, papers presented, and additional scholarly activity than the individuals selected for the subject positions. See plaintiff's resume, Exhibit "1", Wilson's resume, Exhibit "3", Getman-Eraso's resume, Exhibit "4", Grenda's resume, Exhibit "9", Rothenberg's resume, Exhibit "9", Roczniak's resume, Exhibit "9", and Maryks's resume, Exhibit "9."

45. Jacqueline Gutwirth, Chair of the History Department of Bronx Community College and Chair of the committee evaluating the candidates from calendar years 2002 through 2006 stated:

"So Jaime Wilson again was hired as a lecturer and not as an assistant professor. And he only became an assistant professor when he received his Ph.D. and then he was hired away to California, and after a year of that he was hired away to Massachusetts. He was a very successful young man." Gutwirth transcript page "98", lines "20-25", page "99", lines "1-2."

Dated: New York, New York
     June 12, 2007                        Respectfully submitted,

                                            LAW OFFICES OF LLOYD SOMER

                                            By: _____
                                                LLOYD SOMER (LS-5103)
                                                Attorney for Plaintiff

                      Office & P.O. Address  
                      330 Seventh Avenue, 15th Floor  
                      New York, New York 10001  
                      (212) 629-7001