```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------- x
ANTHONY GRONOWICZ,                      :
                                        :
            Plaintiff,                  :      06 Civ. 13076 (JSR)
                                        :
            -v-                         :      MEMORANDUM ORDER
                                        :
BRONX COMMUNITY COLLEGE,                :
                                        :
            Defendant.                  :
--------------------------------------- x
```

JED S. RAKOFF, U.S.D.J.

In an order dated July 30, 2007, the Court granted defendant's motion for summary judgment in its entirety. This Memorandum Order states the reasons therefor and directs the entry of final judgment.

By way of background, plaintiff Anthony Gronowicz is a 61-year old man who worked as an adjunct lecturer in the History Department of defendant Bronx Community College ("BCC") from 1999-2004. See Plaintiff's 56.1 Statement ("Pl. 56.1") ¶ 1; Defendant's 56.1 Statement ("Def. 56.1") ¶ 1. On five separate occasions -- first in the Spring of 2002 and then in March 2003, December 2004, March 2005, and September 2005 -- plaintiff unsuccessfully applied for full-time tenure-track positions at BCC. Pl. 56.1 ¶ 27; Def. 56.1 ¶ 27. Plaintiff claims that BCC improperly discriminated against him in favor of younger applicants in violation of the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 et seq.

(the "ADEA") and the New York State Human Rights Law, N.Y. Exec. Law § 290 et seq. ("NYSHRL").[1]

As a preliminary matter, only one of the allegedly discriminatory incidents can give rise to a claim pursuant to the ADEA. Under the ADEA, plaintiff may only assert claims involving acts alleged to have occurred within 300 days of filing a discrimination complaint with the Equal Employment Opportunity Commission ("EEOC"). 29 U.S.C. § 626(d)(2). Plaintiff filed a discrimination charge with the EEOC on March 24, 2006. Pl. 56.1 ¶ 37; Def. 56.1 ¶ 37. Thus, only the September 2005 job application can give rise to a cause of action under the ADEA.

Similarly, two of the allegedly discriminatory incidents described in plaintiff's complaint fall outside the statute of limitations under the NYSHRL. Gronowicz's claim under the NYSHRL is governed by a three-year statute of limitations, measured backward from the filing of the action in Court. See N.Y. CPLR § 214(2); Quinn v. Green Tree Credit Corp., 159 F.3d 759, 765 (2d Cir. 1998). Thus, plaintiff's unsuccessful job applications in Spring 2002 and May 2003 are time-barred.[2]

---

[1] Although the Complaint appears to contain a claim for intentional infliction of emotional distress, plaintiff has indicated that he is not pursuing the emotional distress claim, and the Court dismissed it. See, transcript, 7/3/07.

[2] Plaintiff's suggestion that the previous job applications (and rejections thereof) should be considered timely under the continuing-violation doctrine defies the explicit direction of the Supreme Court. See National R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 114 (2002) ("Discrete acts such as termination,

Even the claims that are timely, however, cannot survive summary judgment because Gronowicz has offered nothing to rebut the legitimate non-discriminatory reasons put forth by BCC to justify its decision not to offer Gronowicz a full-time tenure-track position. On a motion for summary judgment claims of disparate treatment under either the ADEA or the NYSHRL are subject to the burden shifting analysis put forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973).

> First, the plaintiff has the burden of proving by the preponderance of the evidence a prima facie case of discrimination. Second, if the plaintiff succeeds in proving the prima facie case, the burden shifts to the defendant to articulate some legitimate, nondiscriminatory reason for the employee's rejection. Third, should the defendant carry this burden, the plaintiff must then have an opportunity to prove by a preponderance of the evidence that the legitimate reasons offered by the defendant were not its true reasons, but were a pretext for discrimination.

Texas Dept. of Community Affairs v. Burdine, 450 U.S. 248, 252-53 (1981)(internal citation and quotation marks omitted); see also Chefalas v. Taylor Clark Architects, Inc., 283 A.D.2d 174, 175, 724 N.Y.S.2d 153, 154 (1st Dept. 2001). Assuming arguendo that plaintiff has succeeded in making out a prima facie case of discrimination, the Court finds that defendant has satisfied its burden of showing

---

failure to promote, denial of transfer, or refusal to hire are easy to identify. . . . [Plaintiff] can only file a charge to cover discrete acts that 'occurred' within the appropriate time period.")  See also AMR Services Corp. v. New York State Div. of Human Rights, 11 A.D.3d 609, 610 (2d Dept. 2004) (Citing Morgan in determining that claim for discriminatory demotion was time-barred).

3

nondiscriminatory reasons for the preference of other candidates over plaintiff.

Gronowicz was one of two finalists for the first tenure-track position for which he applied in the Spring of 2002.  Pl. 56.1 ¶ 16; Def. 56.1 ¶ 16.  As part of the application process, BCC required both finalists to teach a class in front of the entire faculty (covering specific material that BCC provided) and to participate in an interview with the entire faculty.  Id.  Defendant has submitted abundant testimony from BCC faculty members indicating their dissatisfaction with Gronowicz's lesson and interview:  the lesson "suffered heavily from lack of focus," Declaration of Carolyn Walker-Diallo dated May 21, 2007 ("Walker-Diallo Decl.") Ex. F ¶ 7, and Gronowicz "veered off on his own and did not cover the material," Walker-Diallo Decl. Ex. C at 22:17-18.  One faculty member who participated in the Spring 2002 recruitment process stated that she "found that [Gronowicz] was not sensitive to the students' academic needs.  He appeared to speak 'above their heads' and did not cover the material that he was required to cover."  Declaration of Carolyn Walker-Diallo dated June 26, 2007 ("Second Walker-Diallo Decl.") Ex. B ¶ 7.  Faculty members report similar problems with Gronowicz's interview;  for example, one noted that he spoke at "almost inordinate length" on the book that he was writing instead of focusing on the given material.  Walker-Diallo Decl. Ex. C at 25:2-7.  BCC's dissatisfaction with plaintiff's performance constitutes a legitimate non-discriminatory reason justifying the decision not to offer plaintiff a tenure-track position in 2002 and not to consider

him as a finalist when he subsequently reapplied for positions in the following three and a half years.

In addition, BCC has introduced evidence to show that faculty members who made the hiring decisions had concerns over Gronowicz's interpersonal skills. Multiple faculty members stated that they felt that Gronowicz did not possess the requisite level of collegiality. See Walker-Diallo Decl. Ex C at 43:17-25; Walker-Diallo Decl. Ex D ¶ 11. A former colleague of Gronowicz's explained, "I thought, and still believe, that Dr. Gronowicz was unreliable, difficult, and would give the department a bad name wherever he was involved." Second Walker-Diallo Decl. Ex. B ¶ 11. The belief among faculty members making the hiring decisions that Gronowicz was insufficiently collegial also constitutes a legitimate non-discriminatory reason, rebutting Gronowicz's prima facie case.

Plaintiff has not introduced sufficient evidence to suggest that the non-discriminatory reasons put forth by BCC are actually pretext for discrimination. Plaintiff refutes defendant's characterization of his 2002 performance, but he does so citing only his own affidavit and deposition. See Pl. 56.1 ¶¶ 17-22. Plaintiff's own impression of his good performance does not contradict the evidence suggesting that others felt differently. Plaintiff asserts (and the Court credits the assertion for the purposes of this motion) that two of the faculty members who provided statements for BCC concerning the problems with plaintiff's 2002 performance actually told plaintiff, following the presentation, that he had done "a really good job." See Affidavit of Anthony Gronowicz sworn to June 13, 2007 ("Gronowicz

Aff.") ¶ 7. The fact that Gronowicz's colleagues did not share their dissatisfaction with Gronowicz himself comports with common experience. Given the generality of the statements, and the fact that they were made *to Gronowicz*, they do not create an inference of pretext.

Likewise, plaintiff's assertions of his own popularity do not impugn the evidence showing that decision-makers had concerns about his collegiality. Although plaintiff relies heavily on the fact that he participated in the Professional Staff Conference Union of the City University of New York, he has introduced nothing to suggest that he held an elected position or that his participation otherwise can be viewed as an indication of his good repute within the community.

Finally, contrary to plaintiff's characterization, the deposition testimony of History department Chair Jacqueline Gutwirth does not constitute the "smoking gun in this litigation." Gronowicz Aff. ¶ 12. Although Gutwirth referred to Jamie Wilson, whom BCC ultimately hired in 2002 instead of plaintiff (an incident that is outside of the limitations period under either theory of liability), as a "very successful young man," she did so in relaying the fact that another institution ultimately hired Wilson away from BCC. See Pl. 56.1 ¶ 45. In this context, "young man" constitutes a description -- not an endorsement. In and of itself, the fact that Gutwirth acknowledged Wilson to be young does not indicate that she (or the department) improperly based the subsequent hiring decisions on age.

In sum, neither the fact that certain faculty members told plaintiff that he had done a good job in 2002, nor plaintiff's participation -- in some capacity -- in Union activities, nor the fact that the Chair of the History Department described the candidate whom BCC hired in 2002 as a "very successful young man" calls into question the legitimate, non-discriminatory reasons put forth by BCC for its decisions not to offer plaintiff a full-time tenure-track position.  Accordingly, plaintiff's claims cannot survive summary judgment.

Defendant's motion is hereby granted in its entirety.  The Clerk is directed to enter final judgment dismissing the Complaint with prejudice.

SO ORDERED

Dated: New York, NY
       ~~September~~ 10/5/2007

JED S. RAKOFF, U.S.D.J.

7